## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAUL SHATTUCK** | § | **PETITIONER** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25-cv-84-HSO-RPM** |
| | § | |
| | § | |
| | § | |
| **JOHN LEDBETTER** | § | **RESPONDENT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [26], GRANTING RESPONDENT JOHN LEDBETTER'S MOTION [12] TO DISMISS, AND DISMISSING THE PETITION [1]

On January 29, 2026, United States Magistrate Judge Robert P. Myers, Jr. entered a Report and Recommendation [26], recommending that Respondent John Ledbetter's Motion [12] to Dismiss be granted, and that Petitioner Paul Shattuck's Petition [1] for Writ of Habeas Corpus be dismissed without prejudice. *See* R. & R. [26] at 11. Specifically, the Magistrate Judge found that some of Petitioner's claims are not proper in a § 2241 petition, *id.* at 4, others are premature, *id.* at 5, 9, and, in general, that he has failed to exhaust available state court remedies, *id.* at 10.

Petitioner has not objected to the Report and Recommendation [26], and the time for doing so has passed. *See* 28 U.S.C. § 636(b)(1); L.U. Civ. R. 72(a)(3). After a review of the record and relevant legal authority, the Court finds that the Report and Recommendation [26] should be adopted, that Respondent's Motion [12] to Dismiss should be granted, and that the Petition [1] should be dismissed without

prejudice.   Petitioner should also be denied a certificate of appealability.

## I.   DISCUSSION

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); L.U. Civ. R. 72(a)(3).   Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").   In such cases, a court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Here, the record reflects that a copy of the Report and Recommendation [26] was mailed to Petitioner at his address of record on the date it was entered, January 29, 2026, *see* R. & R. [26] at 6, and it has not been returned as undeliverable.   This was more than fourteen days ago, and Petitioner has not filed any objections.   *See id.*; 28 U.S.C. § 636(b)(1).   Respondent has similarly not filed any objections to the Report and Recommendation [26].   Therefore, the "clearly erroneous, abuse of discretion and contrary to law" standard of review applies.   *See Wilson*, 864 F.2d at 1221.

Having conducted the required review, the Court concludes that the Report and Recommendation [26] is neither clearly erroneous nor contrary to law.   The

Court will adopt the Magistrate Judge's Report and Recommendation [26] as the opinion of this Court and will grant Respondent's Motion [12].  The Court will also dismiss the Petition [1].

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [26] of United States Magistrate Judge Robert P. Myers, Jr., entered on January 29, 2026, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent John Ledbetter's Motion [12] to Dismiss is **GRANTED**, and Petitioner Paul Shattuck's Petition [1] for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 26th day of February, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

3